MELVIN BERGH, Respondent, v. GEORGE HELLICKSON and A. H. Stavens, Appellants.

(177 N. W. 506.)

**New trial — grounds for — where the main defendant is absent from state and suffering mental depression on account of several deaths in his family, new trial should be granted upon paying the costs.**

1. Where one of two defendants who was notified of the date of trial more than ten days before the convening of the term of court was not present when the case was called for trial, it appearing that he had been called out of the state on account of the illness of a sister-in-law, it was not error, in the circumstances of this case, for the trial court to order the trial to proceed.

2. But where, on motion for a new trial, it appeared that the facts relied upon by the defendants were more peculiarly within the knowledge of the absent defendant; that the other defendant relied upon the absent defendant for notice of the date of trial as well as for proof of facts; and that the absent defendant was under such state or mental depression, due to the recent death of his mother, his wife, and his only child, and the fresh news of the serious illness of his sister-in-law, as to be incapable of properly attending to his own affairs, the failure of the defendants to be present to defend the action being attributable to the foregoing facts, a new trial should have been granted conditioned on the defendants paying the costs accrued prior to the motion.

Opinion filed December 12, 1919.

Appeal from the District Court of Steele County, *Cole,* J.

Order reversed and new trial granted.

*P. O. Sathre* and *Chas. A. Lyche,* for appellants.

"Where parties have been diligent in their efforts to be ready for trial, but have been prevented by circumstances beyond their control, the court should grant them a continuance. Radford v. Fowlkes, 85 Va. 820, 8 S. E. 817; Myers v. Trice, 86 Va. 835, 11 S. E. 428; Roberts v. Moore, 27 Ga. 411; Wright v. Lery, 22 Minn. 466; Thompson v. Thornton, 41 Cal. 626; Connell v. Sharpe, 32 Ga. 443; Mayton v. Guild, 29 S. W. 218; Light v. Richardson, 31 Pac. 1123.

"It is unquestionably an important privilege of a party to be present at the trial of his cause, which should not be denied on a proper application made, unless for weighty reasons." 9 Cyc. 93; Robertson v. Woolley, 6 Wash. 156, 32 Pac. 1060; Mathews v. Willoughby, 85 Ga. 289, 11 S. E. 620; Re Townsend, 122 Iowa, 246, 97 N. W. 1108; Hoover v. Hoover, 97 N. W. 620; Martin v. Nichols, 121 Ga. 506, 49 S. W. 613.

"To hold a person liable for tort which he has not himself committed, and which has not been done by his orders, his adoption of or assent to the act, such as will render him liable, must be clear and explicit, and made with a full knowledge of the tort, or at least of the injured party's complaint that the injury has been inflicted on him." Tucker v. Jerris, 75 Me. 184; Cooley, Torts, 215, 216.

"Damages must be assessed in a single sum. They cannot be apportioned by the jury among the defendants, for the sole inquiry open is what damages plaintiff has sustained, not who ought to pay them." 38 Cyc. 492, and numerous authorities cited there.

*W. J. Courtney,* for respondent.

BIRDZELL, J. The plaintiff brings this action to recover possession, or the value, of three hogs which he claims strayed from his farm in the month of May, 1918, and which thereafter came into the possession of the defendants. The defendant Stavens is the owner of a large farm situated in the vicinity of the place from which the plaintiff's hogs strayed, and the defendant Hellickson is his foreman. This action came on for trial on February 18, 1919, in the district court of Steele county. At the commencement of the trial the attorney for the defendants made an application for a continuance on the ground that one of his clients, Hellickson, was absent from the state under the following circumstances, as set up in the affidavit: The defendant

Hellickson had conferred with his attorney on February 5th, at which time he was apprised of the date of the trial, defendant stating that he would be present at such time. That on the day before the term convened, to wit, on February 17th, affiant called Hellickson by telephone, and was informed by his sister that the former had gone to Minneapolis two days before on account of illness in his family, but that he had expected to return on that day; that affiant again called on the following day, the day of the trial, but defendant had not returned. Defendants' counsel asked either for a continuance or that the action be placed at the foot of the calendar to enable him to communicate with his client. This application was denied and the case proceeded to trial. Defendants' counsel, however, produced no witnesses to testify to their version of the facts the only witness sworn for the defendants being the plaintiff himself, who was called for cross-examination. The jury, under the evidence and under proper instructions from the court, returned a verdict for the plaintiff for the full amount claimed. There is error, however, in the verdict in that the jury purports to relieve the defendant Hellickson from liability for a portion of the sum found against the defendants, when, under the charge of the court and under the law, Hellickson was necessarily liable for any sum for which Stavens might be found liable. But this is error of which the defendants cannot complain.

A motion for a new trial was made, supported by affidavits going to establish the following additional facts, with some of which the defendants' attorney and the defendant Stavens were not familiar at the time of the trial, and which apparently excuse any seeming neglect on their part to be ready to proceed with the trial.

It seems that during the epidemic of influenza in November, 1918, the defendant Hellickson lost his wife, his mother, and his only child, a daughter, within ten days' time; and that his depressed condition for a considerable period of time after this shock rendered him more or less incapable of properly attending to his affairs. That on account of Hellickson's familiarity with the farm, of which he was foreman, Stavens placed principal reliance upon him, both as to the facts and as to advice concerning the date of the trial; that Stavens was not notified of the date of the trial at all; and that the defendant Hellickson's depressed mental condition was aggravated by the news he re-

ceived February 15th of the serious illness of his late wife's sister. These facts were not all before the trial court at the time the court ordered the trial to proceed, but, as above indicated, were incorporated in the affidavits presented upon the motion for a new trial.

In these circumstances, we think the new trial should have been granted, upon condition, however, that the defendants pay the costs incurred in the trial court to the date of the motion; and such is the order of this court. The costs of this appeal will abide the event of a new trial.

CHRISTIANSON, Ch. J., and GRACE and BRONSON, JJ., concur.

ROBINSON, J., dissents.