[File No. 6788.]

JOHN R. HASLAM, Appellant, v. EARL J. BABCOCK, Respondent.

(10 NW(2d) 239)

Opinion filed June 18, 1943.

F. T. *Cuthbert* and W. G. *McDonald*, for appellant.

*Myer R. Shark*, for respondent.

NUESSLE, J.   Plaintiff brought this action to recover on an account for goods sold and delivered.   The defendant, answering, admitted the account and that he was owing the amount plaintiff claimed to recover, but counterclaimed for the hire of a truck, a team and wagon, for board for certain of the plaintiff's employees, and for the hauling of grain.   Plaintiff replied to the counterclaim denying the same except in so far as the defendant was given credit for certain items therein upon his account and upon a note executed by him to the plaintiff.

The case was tried to a jury.   The court submitted the issues on the counterclaim to the jury and instructed them that they should return a verdict for the plaintiff in the amount of his claim, less such amount, if any, as they might find the defendant was entitled to recover on his counterclaim.   The jury returned a verdict in favor of the plaintiff for the difference between the amount he sought to recover less the amount they found for the defendant on the counterclaim.   Thereafter plaintiff moved for a new trial on the ground that the evidence was insufficient to sustain a recovery on defendant's counterclaim, and on the ground of newly discovered evidence.   The court denied this motion and judgment was entered on the verdict.   Whereupon the plaintiff perfected the instant appeal from the judgment and from the order denying his motion for a new trial.

The court in his memorandum opinion, made when he denied the motion for a new trial, said: "In the account case the defendant admitted the statement and evidence of the Plaintiff as true, but presented a counterclaim for additional items claimed by him as due from the Plaintiff to him for work done. On this he was squarely contradicted by the Plaintiff, but if the jury believed the Defendant, as it must have done, then the verdict necessarily would be in accordance with the Defendant's testimony. The newly discovered evidence set forth in Plaintiff's application in this case is but corroborative and of a nature that will not likely result in a different verdict even if the matter were submitted to a new jury. Then there is not much showing as to the diligence in connection therewith. . . . The court is of the opinion that there is sufficient evidence if believed by the jury to warrant the verdict found by them. . . . Moreover, the Court is of the opinion that . . . substantial justice was done. The motion for a new trial . . . will therefore be denied."

Whether a new trial shall be granted on the ground of the insufficiency of the evidence to sustain the verdict lies in the sound judicial discretion of the trial court when there is a substantial conflict in the evidence. And unless there is an abuse in the exercise of such discretion this court will not interfere. Haslam v. Babcock, 71 ND 363, 1 NW(2d) 335, and cases cited. In the instant case there is a substantial conflict in the evidence touching the defendant's counterclaim. The trial court who saw and heard the witnesses as they testified before him, saw fit to deny the motion. We have examined the record and are of the opinion there is such a conflict in the evidence that it cannot be said there was an abuse of discretion in doing so. Likewise with respect to the ruling on the showing of newly discovered evidence. "A motion for a new trial on the ground of newly discovered evidence is addressed to the sound judicial discretion of the trial court, and the appellate court will not interfere unless manifest abuse of such discretion is shown." Aylmer v. Adams, 30 ND 514, 153 NW 419. See also Blum v. Standard Oil Co. 68 ND 329, 279 NW 764, and cases cited. This showing relates to the issues as to the use of the defendant's team and truck, the services performed in the hauling of grain, and the reasonable value of the same as testified to by the defendant. The newly discovered

evidence was merely corroborative of that proffered by the plaintiff on these issues. We are also of the opinion the trial court rightly found that the plaintiff failed to show diligence in discovering and procuring such evidence at the time of the trial.

Plaintiff predicates his appeal from the judgment solely on the ground of the insufficiency of the evidence to sustain the verdict returned by the jury. What we have said above is likewise applicable and determinative on the appeal from the judgment. The order and judgment of the trial court are therefore affirmed.

MORRIS, Ch. J., and BURKE, CHRISTIANSON, and BURR, JJ., concur.