[File No. 6986]

MILFORD FELIX, Appellant, v. ANNA LEHMAN,
Respondent.

(20 NW2d 82)

Opinion filed October 5, 1945.   Rehearing denied Oct. 22, 1945.

*Odin Strandness,* for appellant.

126

*Burdick & Burdick,* for respondent.

BURR, J. This is an appeal from the order of the county court of Cass County granting a new trial. The action was commenced November 1944. The complaint demands judgment for $508.91 and for the market value of 35 bushels of wheat, 303 bushels of oats, and one-third the value of 17 calves,—all claims based upon a farm contract made with defendant. The value of the grain and of the calves is not stated.

The answer, dated December 8, contains a general denial and sets forth claims against plaintiff with demands for judgment aggregating $1073.00. A reply was served December 18.

On January 23, 1945 plaintiff served notice of trial, stating the "action will be brought on for trial at the February 8th, 1945 term of County Court—or as soon thereafter as said case may be reached for trial."

The record fails to show why the case was not heard at the

February term; but on April 10, 1945 the clerk of the county court mailed to the defendant a written notice stating the trial of this case was "set for Friday, April 13, 1945, at 10:00 A.M. Central War Time." The court states this was done at the request of her counsel. This notice was received by defendant on April 12.

The record shows that at 10:00 A.M. of April 13, the defendant was in court for the trial, with her counsel. Four witnesses were sworn for the plaintiff and testified. The defendant was called as a witness in her own behalf, testified, and was cross-examined. Both sides recalled witnesses for further examination. After both sides rested on April 13, the case was adjourned to April 16, at 2:00 P.M. The defendant did not appear at the time set or thereafter. Judgment was ordered for the plaintiff in the sum of $629.11, with an offset to the defendant of $45.00, "for plowing unfinished by the plaintiff and that said amount be deducted from the total judgment allowed the plaintiff." Judgment was entered, and notice of the entry of judgment and retaxation of costs served April 16.

There was a change of counsel for the defendant and notice of motion for a new trial was given, the motion to be heard June 18.

The motion is based upon three specifications of error—the only one here for consideration being the first:

"Irregularity in the proceedings of the Court which prevented the defendant from having a fair trial, in that defendant's request of her attorney for continuance of the case was denied, in that the defendant was compelled to go to trial upon the merits without the support and aid of supporting and corroborating witnesses, and in that the defendant was denied the opportunity of sufficient time in which to secure corroborating witnesses and witnesses which would have produced direct evidence of a substantial nature, as a valid defense to the contentions of the plaintiff;"

The only support for the motion is this affidavit by the defendant:

"That affiant states that on the 12th day of April, 1945 was

the first she knew that a trial of the above entitled action was to be had on the 13th day of April, 1945; that the annexed notice sent from the Clerk of the County Court marked Exhibit 'A' dated April 10th, 1945 is the only notice received by the defendant, and is the same notice as is referred to above, as having been received by her, at her farm near Argusville, North Dakota.

That the affiant could not go anywhere because of the muddy roads on the 12th of April, 1945, and had difficulty in getting to Fargo on the morning of the said 13th day of April. That affiant had received no notice from her attorney, Ralph Croal, as to the time of trial, and received no notice whatever, except that received as mentioned above, except that sometime earlier, Mr. Croal advised me my case was on the calendar.

That the affiant was unable to secure witnesses or even contact her said witnesses at said late date, and in fact had no witnesses at said trial. That this fact was communicated to the said Ralph Croal, her said attorney, but was advised to go ahead with the trial anyway.

That the affiant wanted to have, and could have had the following persons present to testify in her behalf, had there been sufficient time afforded her for that purpose: Violet Teubner, Henry Lehman, Ramon Culp, Francis Culp and John Culp, and Mrs. Arthur Ahneman."

There is nothing in the record to show that defendant requested her attorney to get a continuance, as she makes no such claim in her affidavit.

The court filed a memorandum opinion, the important portions of which are as follows:

"This is a motion for a new trial based upon a claim by the defendant that she was not given time in which to prepare for trial. It is not a motion, as I understand it, based upon newly discovered evidence, but rather based upon the claim, by her, that she was not given an opportunity to produce the evidence by witnesses that were available, had she been given time to have the witnesses present in Court.

It is a fact, that a notice of trial was sent from this office to

the defendant a couple of days before the time of trial. This was done at the request of, or upon the suggestion of, Mr. Croal, who then represented the defendant. There was no other showing that Mrs. Lehman had been informed as to the exact time of trial, although Mr. Croal stated verbally in open Court that he was of the impression that he had talked to Mrs. Lehman about the time of trial. There was no motion made, either before the commencement of the trial nor during the trial of the case, for continuance, but Mrs. Lehman, the defendant, did state once or twice during the trial when she was testifying that she had had no opportunity to get her witnesses into Court. She also stated during the trial, as well as in her affidavit that is now on file, that she received this notice through the mail the day before the case was set for trial.

I believe the matter is presented here on that point and bears out her statement in that regard. There is no showing here, or any indication of any kind, that she had any other kind of definite notice as to the exact time of the trial.

There is evidence and fact indicating that there had been considerable negotiation back and forth between parties and lawyers, but that, of course, would not constitute a notice as to the time of trial before the case was even set down for trial. I am reluctant to have to go over this again, but at the same time every person is entitled to have his case fully and fairly presented, and is entitled to a reasonable time in which to prepare for trial. In this case, I do not believe that the defendant had reasonable time, after case was set for trial, in which to prepare and get her witnesses in here. As to what these witnesses could testify to, or how their testimony might affect the case, is in my opinion immaterial. If this were a motion based upon newly discovered evidence, the situation might be different. In that case, it would be necessary to file affidavits of the witnesses, in order to have the Court make some determination as to whether or not there is any likelihood of any newly discovered evidence changing the results of the case. But that is not the

point here, so I am compelled to grant the defendant's motion for a new trial."

On July 13, the court granted the motion and ordered, "a new trial on the merits."

The claimed basis for this motion is subd 1, of § 28–1902 of the Rev Code, which provides that a new trial may be granted for "Irregularity in the proceedings of the court . . . or any order of the court or abuse of discretion by which either party was prevented from having a fair trial."

There is no showing, nor even claim, that the trial was not conducted with regularity, decorum and scrupulous adherence to required procedure; nor that any order of the court was irregular in any respect.

The only basis for the "irregularity" claimed by the defendant is a statement made by the court in its memorandum opinion, that the defendant "Did state once or twice during the trial when she was testifying that she had had no opportunity to get her witnesses into Court."

By "irregularity" is meant non-conformance to a rule or a law, or failure to follow the requirement of the law. In Vass v. People's Bldg. & L. Asso. 91 NC 55, 58, the court states "An irregular judgment is one given contrary to the method of procedure and the practice under it, allowed by law." See also Mc-Kee v. Angel, 90 NC 60, 62; Simms v. Sampson, 221 NC 379, 20 SE2d 554; Petersen v. Dethlefs, 139 Neb 572, 298 NW 155.

In Coulter v. Bernalillo County, 22 NM 24, 158 P 1086, "irregularity" is defined as "the want of adherence to some prescribed rule or mode of proceeding and it consists in either omitting to do something that is necessary for the due and orderly conducting of a suit, or doing it in an unseasonable time or improper manner." This rule is adopted in State ex rel. Caplow v. Kirkwood (Mo App) 117 SW2d 652, 654, where the court states; the "irregularity" claimed "must be one patent of record" and then quotes in substance this rule set forth.

In Bradley v. Krogen, 67 ND 108, 112, 270 NW 93, 96, we con-

sidered "irregularity" of a party during the course of the trial, and point out:

"The purpose of a trial is to attain justice in so far as that is reasonably possible. If because of something done during the course of the trial that end is not attained, the trial court may within the limits of the statute and in the exercise of that discretion which is reposed in him, remedy the fault by the granting of a new trial."

Defendant's predicament is caused by what she did herself or failed to do, not by anything done by the court, or by the plaintiff.

There is no "irregularity" patent on the record in this case, and there being no jury this is not a case where the court upon receiving a verdict may proceed upon its own motion to set aside a verdict under the provisions of § 28–1907 of the Rev Code.

The record does not show why the trial was adjourned for three days; but if the defendant desired to have witnesses present she had these three extra days in which to make an application to reopen the case.

No motion for continuance was made prior to the trial or during the trial, nor any showing made during the trial to the effect that the defendant needed certain witnesses, what their testimony would be, or that she ever attempted to get witnesses. Notice that the case would come on for trial was served upon counsel for the defendant almost four months before the case was called for trial, extra precaution was taken by the court and her counsel to give the defendant personal notice of the exact date and hour when the case would be called for trial, and she was there.

The affidavit of the defendant makes no attempt to set forth the testimony of any proposed witness. Whether any of these witnesses would be of value to her, whether the testimony would throw any light upon the issue or be material, is not shown. If defendant's witnesses were needed merely to support her so-called counterclaim then it is evident they would be valueless to her, as the county court had no jurisdiction to determine

the merits of the counterclaim, the amount claimed being in excess of its jurisdiction. It was as if no counterclaim had been interposed. The contract upon which both parties relied is in evidence, and in the record here. The defendant admits that before the clerk sent her notice of the day the case was to be heard her counsel told her the case was on the calendar, and also admits that when she told her counsel her witnesses were not present he advised her to go ahead with the trial and she did.

We are not unmindful of the rule that the burden is upon the appellant, to show the court was in error in granting the new trial, nor of the rule that an order granting a new trial is considered more favorably than an order denying a new trial.

Respondent cites Bergh v. Hellickson, 44 ND 9, 177 NW 506. The motion for a new trial in that case had been preceded by an application for continuance on the ground of the absence of one of the defendants and was supported by affidavits showing the gist of the absentee's evidence and its materiality. There was no claim of irregularity in that case.

Respondent cites Sluman v. Dolan, 24 SD 32, 123 NW 72. The basis for the motion for new trial was the absence of a material witness because of accident and conditions beyond the control of the defendant, but during the trial a motion had been made for continuance until the defendant and his witnesses could reach court. The motion was also supported by a full and complete affidavit made by the absent witness showing what his testimony would be.

Respondent urges that granting a new trial is largely in the discretion of the trial court, but such discretion exercised must be a legal discretion and not an arbitrary one. Braithwaite v. Aiken, 2 ND 57, 63, 65, 49 NW 419, 420; Johnson v. Patterson, 67 ND 132, 137, 270 NW 97, 99; Schnell v. Northern P. R. Co. 71 ND 369, 1 NW2d 56.

The time that elapsed after notice of trial was served, and the time that elapsed between the taking of testimony and the order for judgment were not utilized by the defendant in an at-

tempt to get witnesses, so far as the record shows. Her failure to do so was not caused by the court nor by the plaintiff. There was no "irregularity" by the court whatever, despite the view the court took, based upon this statement in the memorandum opinion—"In this case I do not believe that the defendant had reasonable time, after case was set for trial, in which to prepare and get her witnesses here." No basis for this belief appears in the record. The court violated no law, nor failed to follow any rule or any law of procedure. It will be noted the ground relied upon by the defendant in her motion for new trial was "irregularity in the proceedings *of the court*," by means of which she did not have a *"fair trial."* Every litigant is entitled to a "fair trial" that is, a trial, open, impartial, and in due accordance with established law and rule. The term implies free and ample opportunity for a litigant to present his case as he desires, before an impartial tribunal and under the rules of law or of the court which secure to the litigant a right to have his witnesses present and to be represented by counsel, if he desires. If the litigant has this opportunity he has had a fair trial. He may waive it by declining to be present, or by neglecting his opportunities. As stated in Amrine v. Tines (CCA 10th) 131 F2d 827, 828, 833, a fair trial means "opportunity to be heard after due notice."

One of the earliest cases in Minnesota on this point is St. Paul & S. C. R. Co. v. Gardner, 19 Minn 132, Gil 99, 102, 18 Am Rep 334. Here the court is construing a provision of law practically identical with one before us and states: "By 'fair trial' the statute means that which is such in contemplation of law, viz., that which the law secures to the party."

The record shows beyond question the defendant had all of the opportunities guaranteed by law. If she neglected any of these it was not the fault of the court, and any "injustice" she may claim is chargeable to herself alone. By making a proper showing to the court of excusable neglect she could have appealed to the discretion of the court to reopen the case, or to grant her a new trial. Here the record shows nothing to war-

rant the exercise of discretion by the court. The order granting a new trial is reversed.

CHRISTIANSON, Ch. J., and NUESSLE, BURKE and MORRIS, JJ., concur.