Rose ROBBINS, also known as Mrs. John Robbins, Plaintiff and Appellant,

v.

William Henry ROBBINS, also known as W. H. Robbins, and as Wm. H. Robbins, Arthur E. Robbins, Ernest Robbins, Beatrice Wiltse, also known as Mrs. Beatrice Wiltse, John H. Robbins, and all other persons unknown, claiming any estate or interest in, or lien or encumbrance upon or against the property described in the complaint, Defendants and Respondents.

No. 7508.

Supreme Court of North Dakota.

April 21, 1955.

dred sixty acres of land in Pierce County, North Dakota. On July 3, 1947, he executed a deed purporting to convey all of it to Rose Robbins, the wife of the grantor's oldest son, John. The deed recited a consideration of five thousand six hundred dollars. It was recorded in the office of the register of deeds of Pierce County on September 13, 1947. On August 2, 1947, William Henry Robbins executed four deeds, each one of which purported to convey forty acres of the land described in the first deed in consideration of one dollar and natural love and affection. The grantees in these deeds were, respectively: John H. Robbins, Arthur E. Robbins, Ernest Robbins, and Mrs. Beatrice Wiltse, being all of the children of the grantor. These deeds were all recorded on August 4, 1947. They were filed with the register of deeds by the attorney who drew them.

The plaintiff brought this action to quiet title based on her deed of July 3, 1947, which reserved a life estate in the land in behalf of the grantor, William Henry Robbins.

The defendants answered by a general denial and a counterclaim setting up the deeds conveying a forty acre tract to each of them and asking that title to the respective tracts be quieted in the grantees.

The plaintiff replied to the answer admitting the execution of the deeds and alleging that William Henry Robbins was eighty-seven years of age and although in possession of his mental faculties was easily confused and misled and that the deeds to the answering defendants were obtained by fraud, deceit, and misrepresentation practiced by them upon the grantor and that the deeds were given without consideration.

The case was tried to the court without a jury. The trial resulted in a judgment for the defendants. Neither the court's findings nor that judgment is made a part of this record. No appeal was taken from the judgment, although the case was triable anew in this court upon appeal under the provisions of Section 28–2732, NDRC 1943.

On May 13, 1953, plaintiff's attorney served a motion "For New Trial and for

L. R. Nostdal, Rugby, Erickstad & Foughty, Devils Lake, for plaintiff and appellant.

Heringer, Nelson & McClintock, Rugby, for defendants and respondents, Ernest Robbins, Arthur E. Robbins, and Beatrice Wiltse.

MORRIS, Judge.

For many years prior to 1947 William Henry Robbins was the owner of one hun-

Vacating Judgment" which was addressed to the judge who tried the case. Due to the illness and subsequent retirement of the trial judge, the motion was by stipulation submitted to his successor. On December 22, 1954, the court entered an order denying the plaintiff's motion. From that order the plaintiff appeals.

This appeal is beset by numerous procedural difficulties. Assuming that a motion for a new trial in a case tried by the court without a jury and triable anew in this court upon appeal under the provisions of Section 28–2732, NDRC 1943 may be made upon the grounds of errors at law occurring at the trial and the insufficiency of the evidence, we proceed to examine plaintiff's motion.

The body of the motion recites:

"Please take notice that the Plaintiff, in the above entitled action, hereby moves the above named court for a new trial in the above entitled action and for vacating judgment entered therein in favor of the defendants on September 24th., 1952 and filed in the office of the Clerk of the District Court of Pierce County, N. D. on said date.

"That said motion for new trial is asked as provided by 1943 RC 28–1902, as amended, and on the memorandum decision of the court, in the above entitled action and the memorandum decision of the court in another case between the same parties involving another tract of land known as the 80 acre State Land case, being case number 4150 of the records of said case on file with the Clerk of this Court.

"1.– Accident or surprise which ordinary prudence could not have guarded against.

"2.– Insufficiency of evidence to justify the decision of the court and that it is against the law.

"3.– Errors in law occurring at the trial, presumed to be excepted to as provided by law."

No specifications of error or of the insufficiency of the evidence are attached to the motion and as far as this record shows none were ever served or presented to defendants' counsel or the trial court at any time. However, defendants' counsel appeared at the hearing on the motion and argued it and the trial court considered the matters presented orally by counsel without requiring specifications.

The procedure by which a new trial may be obtained is statutory. Section 28–1904, NDRC 1943 provides:

"A motion for a new trial may be made upon the minutes of the court, upon affidavits, or upon a statement of the case. If the motion is made upon the minutes of the court, reference may be had to the pleadings, orders of the court, documentary evidence, stenographic report of the testimony, and any and all other matters that might be incorporated in a statement of the case. In that case either party may procure and have settled a statement of the case and may use the same upon the hearing."

The provisions of this section are general in nature. The duties devolving upon the party seeking the new trial are more specifically set forth in Section 28–1809, NDRC 1943 which provides:

"A party desiring to make a motion for a new trial or to appeal from a judgment or other determination of a district court or county court with increased jurisdiction, except upon appeals triable de novo in the supreme court, shall serve with the notice of motion, or notice of appeal, a concise statement of the errors of law he complains of, and if he claims the evidence is insufficient to support the verdict or that the evidence is of such character that the verdict should be set aside as a matter of discretion, he shall so specify. A specification of insufficiency of the evidence to sustain the verdict or decision of the court shall point out wherein the evidence is insufficient

and it shall be proper to include in such specification, specifications of facts conclusively established, together with the facts claimed not to be established, in such manner as to show intelligently wherein, on the whole case, the verdict or decision is not supported by the evidence."

The second ground of plaintiff's motion is "Insufficiency of evidence to justify the decision of the court and that it is against the law." This is a statutory ground in the words of Section 28–1902, paragraph 6, NDRC 1943. The plaintiff failed to point out wherein the evidence is insufficient as required by Section 28–1809, supra.

In Nevland v. Njust, 78 N.D. 747, 51 N.W.2d 845, 849, this court said:

"Under this statute a motion for a new trial presents no question as to whether the evidence is sufficient or insufficient to sustain the verdict unless the moving party presents with, and as a part of, his motion for a new trial the specifications of insufficiency of the evidence prescribed by the statute. Feil v. Northwest German Farmers' Mut. Ins. Co., 28 N.D. 355, 357, 149 N.W. 358; Cary Mfg. Co. v. Ferch, 67 N.D. 603, 275 N.W. 255; Haslam v. Babcock, 71 N.D. 363, 1 N.W.2d 335; Enget v. Neff, 77 N.D. 356, 43 N.W.2d 644, 646."

The rule is further supported by these later cases: Mann v. Policyholders' National Life Insurance Company, 78 N.D. 724, 51 N.W.2d 853; Jacobs v. Bever, N.D., 55 N.W.2d 512.

The third ground of plaintiff's motion for a new trial refers to errors of law occurring at the trial. But here again there are no specifications showing what those errors are. Section 28–1809, NDRC 1943 requires that the plaintiff shall accompany the notice of motion with a concise statement of the errors of law of which he complains. In Goodman v. Mevorah, N.D., 59 N.W.2d 192, 203, we said that a motion for new trial "can be made only on one or

more of the grounds specified in the statute and there must be attached to the notice of motion a statement specifying the errors of law of which the moving party complains."

The plaintiff served and filed specifications of error with her notice of appeal to this court in which certain alleged errors of law are specified and some attempt is made to point out wherein the evidence is insufficient. She may argue that the motion having been submitted to the trial court and having been passed upon without objection being made to the absence of specifications of error in the court below that defect has been waived. Under certain circumstances that would be so. In Clausen v. Miller, 63 N.D. 778, 249 N.W. 791, we held that there was nothing to prevent the trial court from examining the evidence to determine whether the verdict is in accordance therewith and granting a new trial on the grounds of insufficiency of the evidence, although the moving party had failed to point out wherein the evidence was insufficient. In that case we affirmed an order granting a new trial. In this case the situation is different. The trial court denied the motion for a new trial. There is nothing in this record to indicate what errors of law were urged to the trial court or wherein the plaintiff claimed the evidence was insufficient. This is not a trial de novo but strictly a review of matters presented to the trial court. We cannot properly review the matters presented to the trial court unless we can ascertain from the record what those matters were. The appellant has the burden of presenting a record affirmatively showing error. This court will indulge in all reasonable presumptions in favor of the correctness of the order from which the appeal was taken. Goodman v. Mevorah, N.D., 59 N.W.2d 192. The specifications of errors at law and of insufficiency of the evidence filed in this appeal may or may not have been presented to the trial court. We do not know. The order denying plaintiff's motion does not set forth the grounds upon which it was based or the grounds upon which the plaintiff sought a new trial. The trial court also filed a memorandum opinion in which he made no ref-

erence to specific errors at law claimed to have occurred at the trial or to the sufficiency of the evidence, other than to state:

"It is evident from the exhibits in the file in this case that there is ample evidence to sustain findings and conclusion in favor of the answering defendant.

"A careful study of plaintiff's brief and argument in support of the motion for new trial fails in the mind of this Court to establish either the matter of the plaintiff's claim of insufficiency of the evidence to justify the decision of the Court or errors in law occurring at the trial."

■ Whether a new trial shall be granted upon the grounds of insufficiency of the evidence rests largely in the sound discretion of the trial court and unless an abuse of that discretion is shown the action of the trial court will not be disturbed on appeal. Our later cases upholding this principle are: Haslam v. Babcock, 72 N.D. 581, 10 N.W.2d 239; Kohler v. Stephens, 74 N.D. 655, 24 N.W.2d 64; Krueger v. North American Creameries, 75 N.D. 264, 27 N.W.2d 240; Hochstetler v. Graber, 78 N.D. 90, 48 N.W.2d 15; Haser v. Pape, 78 N.D. 481, 50 N.W.2d 240. With respect to plaintiff's grounds 2 and 3 of the motion for new trial, the record presents nothing for this court to review.

We now pass to a consideration of the first ground set forth in the motion which is accident or surprise which ordinary prudence could not have guarded against. During the cross-examination of William Henry Robbins, grantor in the deeds, a document was produced purporting to be a letter dated September 15, 1947, in the handwriting of and signed by the grantor addressed "To you My Son John Robbins" which recited a number of misdeeds committed by John with reference to the land in question and the treatment of his father and stating that it was the understanding among the writer's children that his land was to be divided among them in equal shares. The letter was never mailed.

When it was offered in evidence by the defendants certain untenable objections were made and properly overruled. No objection was made at that time or at any time during the course of the trial that this letter came as a surprise to the plaintiff. No motion was made for a continuance or for time to secure counterevidence. Upon the motion for new trial no showing was made of newly discovered evidence tending to refute the letter nor was there a showing of any evidence regarding it that was not available to the plaintiff at the trial.

■ In Bancroft's Code Practice and Remedies, Section 6014, it is said:

"A claim of surprise by the admission of evidence may not be considered upon a motion for a new trial where no objection on that ground was made at the time and no application was made for a continuance or delay of the trial, in order to meet the unexpected evidence. One who submits his cause without asking an opportunity to procure further testimony is not entitled to a new trial as a matter of right on the ground that he was surprised by evidence of the adverse party."

This appears to be the general rule. 39 Am.Jur., New Trial, Section 151; 66 C.J.S., New Trial, § 99g. The rule was applied by this court in Josephson v. Sigfusson, 13 N.D. 312, 100 N.W. 703.

■ Applications for a new trial on the ground of surprise are addressed to the sound discretion of the court and its ruling will not be disturbed in the absence of a showing of abuse of discretion. Baird v. Unterseher, 57 N.D. 885, 224 N.W. 306; Johnson v. Olson, 70 S.D. 617, 20 N.W.2d 226; Bancroft's Code Pleading Practice and Remedies, Ten Year Supplement, Section 6004; 39 Am.Jur., New Trial, Section 151; 66 C.J.S., New Trial, § 201b(7). This record discloses no abuse of discretion. The order appealed from is affirmed.

BURKE, C. J., and SATHRE, JOHNSON and GRIMSON, JJ., concur.