Reynold HAUFF, Plaintiff and Respondent,

v.

Gerald M. KEYES, also known as Jerald Milford Keyes, a minor; Oscar Edstrom, general guardian of Gerald M. Keyes; and Kathryn Campbell, Defendants and Appellants.

No. 7681.

Supreme Court of North Dakota.

June 3, 1957.

Lyle Huseby, Fargo, for defendants-appellants.

Lanier, Lanier & Knox, Fargo, for plaintiff-respondent.

MORRIS, Judge.

This is an action for damages resulting from personal injuries received by the plaintiff when he was struck by a car driven by the defendant Gerald M. Keyes at about 11:45 p. m. March 31, 1956, at the intersection of Second Avenue North and Roberts Street in the City of Fargo.

The plaintiff pleads and contends that the proximate cause of his injuries was the negligent and careless operation of an automobile by the defendant Gerald M. Keyes and that the defendant Kathryn Campbell assumed responsibility for damages caused by the negligence of Gerald M. Keyes by signing his application for a North Dakota minor's driver's license. The defendants answered denying all of the allegations of the complaint. They did not plead contributory negligence. The de-

fense of contributory negligence must be specially pleaded and if not pleaded is regarded as waived. Loveland v. Nieters, 79 N.D. 1, 54 N.W.2d 533. The jury returned a verdict for the defendants and against the plaintiff on all issues and for a dismissal of the action. The plaintiff made an alternative motion for judgment notwithstanding the verdict or for a new trial. Among the grounds urged were that the evidence is insufficient to sustain the verdict, the verdict is against the evidence, and the evidence establishes negligence of the defendant Gerald M. Keyes by an overwhelming preponderance.

The trial court denied the motion for judgment notwithstanding the verdict and granted the motion for new trial on the ground that the evidence is insufficient to support the verdict. This appeal is from the order of the trial court granting a new trial.

Immediately prior to the accident the defendant Gerald M. Keyes was driving an automobile north on Roberts Street in Fargo at a speed of between twenty and twenty-five miles an hour. The plaintiff was walking across Roberts Street from east to west on the north side of its intersection with Second Avenue North. Keyes did not see the plaintiff until a fraction of a second before the car struck him as he approached the center of Roberts Street. The plaintiff was thrown on the hood of the car and carried approximately seventy-eight feet when the car stopped and he fell to the pavement near the right front wheel. He suffered severe personal injuries which are the basis of this action. The beams of the headlights and the vision through the windshield of the car were partly obscured by dried mud. The defendant Gerald M. Keyes pleaded guilty to a charge of reckless driving growing out of the accident. A street light was in operation at the northeast corner of the intersection. The night was cold but there was no rain or snow falling. There appears to be a dispute as to whether or not the plaintiff was within the pedestrian crosswalk at the time he was struck, but the preponderance of the evidence in this record would indicate that he was and the trial court so found in his memorandum opinion. The only question of fact bearing upon the issue of defendants' liability is whether or not Gerald M. Keyes was negligent in the operation of the automobile.

■ Turning from facts to legal principles we find that:

"Whether a new trial shall be granted upon the grounds of insufficiency of the evidence rests largely in the sound discretion of the trial court and unless an abuse of that discretion is shown the action of the trial court will not be disturbed on appeal. Our later cases upholding this principle are: Haslam v. Babcock, 72 N.D. 581, 10 N.W.2d 239; Kohler v. Stephens, 74 N.D. 655, 24 N.W.2d 64; Krueger v. North American Creameries, 75 N.D. 264, 27 N.W.2d 240; Hochstetler v. Graber, 78 N.D. 90, 48 N.W.2d 15; Haser v. Pape, 78 N.D 481, 50 N.W.2d 240." Robbins v. Robbins, N.D., 70 N.W.2d 37, 41."

To this list of authorities we would add: Olson v. Thompson, N.D., 74 N.W.2d 432, and Crossen v. Rognlie, N.D., 68 N.W.2d 110. In the latter case involving facts similar to the one now before us we affirmed an order of the district court granting a new trial. After carefully reviewing the evidence it appears that the trial court did not act unreasonably or arbitrarily. The order granting a new trial was the result of the exercise of a sound judicial discretion on the part of the trial court. It is therefore affirmed.

GRIMSON, C. J. and BURKE, SATHRE and JOHNSON, JJ., concur.