Lloyd H. JOHNSON, Plaintiff
and Appellant,

v.

Peter Raymond FRELICH, Defendant
and Respondent.

Civ. No. 8502.

Supreme Court of North Dakota.

Feb. 25, 1969.

Duffy & Haugland, Devils Lake, for plaintiff and appellant.

Traynor & Traynor, Devils Lake, for defendant and respondent.

STRUTZ, Justice, on reassignment.

This is the second time this case has been before this court. The opinion on the first appeal is found in 153 N.W.2d 775 (N.D.1967). In that case, the plaintiff appealed from judgment entered notwithstanding the verdict of the jury. This court often has held that, on appeal from judgment notwithstanding the verdict, the only question for the appellate court to consider is whether, upon the record as a whole, the respondent, at the conclusion of all of the evidence, was entitled to judgment on the merits as a matter of law. Filler v. Stenvick, 79 N.D. 422, 56 N.W.2d 798 (1953); Weber v. United Hardware & Implement Mutuals Co., 75 N.D. 581, 31 N.W.2d 456 (1948); Smith v. Knutson, 76 N.D. 375, 36 N.W.2d 323 (1949); Long v. People's Department Store, 74 N.W.2d 80 (N.D.1956); Larson v. Meyer, 135 N.W.2d 145 (N.D. 1965); Linington v. McLean County, 146 N.W.2d 45 (N.D.1966).

On the former appeal, this court determined that, on the whole record, the defendant was not entitled to judgment on the merits as a matter of law, and the judgment notwithstanding the verdict therefore was reversed. But, in reviewing the record on the former appeal, we found that the defendant had made an alternative motion for new trial, which motion had not been determined by the trial court. We therefore gave to him the right to press promptly for a ruling from the trial court on his alternative motion for new trial upon which the trial court had not passed, as required by Rule 50(c) (1), North Dakota Rules of Civil Procedure.

On consideration of the defendant's alternative motion for new trial, after remittitur, the trial court ordered a new trial, and did so on the ground that the evidence was insufficient to justify the verdict. In granting the new trial, the trial court stated that the evidence, in its opinion, established that the plaintiff was contributorily negligent by the greater weight of such evidence, and that therefore it still believed that the judgment notwithstanding the verdict had been properly entered. It also pointed out that the verdict of the jury for the plaintiff was contrary to the evidence, and that a new trial therefore was being granted for such reason and in the interests of justice.

From the order granting new trial, the plaintiff now takes this appeal, contending that the trial court erred in abusing its discretion by granting a new trial following this court's reversal of the judgment notwithstanding the verdict of the jury.

A motion for judgment notwithstanding the verdict does not go to the weight of the evidence. It raises the question of whether the moving party is entitled to judgment as a matter of law. Chicago, M., St. P. & P. R. R. Co. v. Johnston's Fuel Liners, 130 N.W.2d 154 (N.D.1964); Dahl v. North American Creameries, 61 N.W.2d 916 (N.D.1953); Smith v. Knutson, 76 N.D. 375, 36 N.W.2d 323 (1949).

On the former appeal of this case, we held that the evidence in the record was such that the decision of the jury could have gone either way. Since that was true, we held that the trial court improperly granted the motion for judgment notwithstanding the verdict. However, where the evidence is insufficient to sup-

port a judgment as a matter of law and is such that the decision could go either way, the granting of a new trial is within the sound judicial discretion of the trial court. Kohlman v. Hyland, 56 N.D. 772, 219 N.W. 228 (1928); Hochstetler v. Graber, 78 N.D. 90, 48 N.W.2d 15 (1951); Maier v. Holzer, 123 N.W.2d 29 (N.D. 1963).

■ The discretion of the trial court in passing on the motion for new trial is a legal discretion to be exercised in the interests of justice. Sec. 28–18–09, N.D. C.C.; Rule 59, N.D.R.Civ.P. And where it appears to the trial court that the verdict is against the weight of the evidence, it is the duty of such court to set aside the verdict and to grant a new trial. Long v. People's Department Store, 95 N.W.2d 904 (N.D.1959).

■ In this case, the trial court heard the evidence and saw the witnesses on the stand. The court states that in its opinion the evidence is wholly insufficient to sustain the verdict, and it orders a new trial. On appeal from such order, the appellant has the burden of showing that the trial court erred and that the granting of a new trial was an abuse of the trial court's discretion. Baird v. Unterseher, 57 N.D. 885, 224 N.W. 306 (1929); Felix v. Lehman, 74 N.D. 125, 20 N.W.2d 82 (1945).

■ We have examined the record on this appeal, and we fail to find that the appellant has in any way sustained this burden. Since this court has repeatedly held that a stronger showing is required to reverse the granting of a new trial than where the trial court has denied the motion for new trial, we find the plaintiff's showing insufficient to reverse the order of the trial court.

The order granting a new trial therefore is affirmed.

TEIGEN, C. J., and ERICKSTAD, PAULSON and KNUDSON, JJ., concur.