Olive BOHN and Kenneth Bohn, Plaintiffs and Respondents,

v.

Esther R. EICHHORST, Defendant and Appellant.

Civ. No. 8672.

Supreme Court of North Dakota.

Dec. 4, 1970.

Conmy, Conmy, Rosenberg, Lucas & Olson, Bismarck, for defendant-appellant.

Nelson, Mack & Moosbrugger, Grand Forks, for plaintiffs-respondents.

ERICKSTAD, Judge.

The plaintiffs, Olive Bohn and Kenneth Bohn, wife and husband, initiated their action against the defendant, Esther R. Eichhorst, by complaint dated May 8, 1969. The complaint in essence asserts that on the 14th day of March, 1968, the defendant negligently drove her automobile into the rear of the automobile driven by Mrs. Bohn, while Mrs. Bohn's automobile was stopped at the corner of Eighth Avenue South and Cottonwood Street in the City of Grand Forks, causing extensive damage to the Bohn vehicle and injury to Mrs. Bohn.

The allegations of the complaint relative to damages are as follows:

## V.

That as a direct and proximate result of said collision, the Plaintiff, Olive Bohn was injured in and about the head, neck, back, spine, body, and limbs, and that said injuries are of a permanent and disabling nature, and have caused, and will continue to cause, the Plaintiff, Olive Bohn great pain and suffering, both physical and mental.

## VI.

That by reason of said collision and resulting injuries, the Plaintiff, Olive Bohn required medical care and treatment, for which she reasonably and necessarily is obligated and indebted in the amount of $1,671.38; and that in the future she will incur additional expenses.

## VII.

That by reason of the Plaintiff, Olive Bohn, being injured as aforesaid, the Plaintiff, Kenneth Bohn, as her husband has been deprived of the services of his wife and in providing care and treatment of the said Olive Bohn for the injuries sustained by her, has incurred and will incur in the future, hospital, medical and drug expense, all to his damage in the sum of Fifteen Thousand and no/100 ($15,000.00) Dollars.

## VIII.

That by reason of said collision and the Plaintiff, Olive Bohn's injuries, the Plaintiff, Olive Bohn suffered loss of earnings in the sum of $6,400.00 and that in the future she will continue to suffer loss of earnings.

WHEREFORE, The Plaintiff, Olive Bohn, demands judgment against the Defendant for actual and compensatory damages in the sum of $8,196.38; for general damages in the sum of $50,000.00 and her costs and disbursements of this action, and the Plaintiff, Kenneth Bohn, demands judgment against the Defendant in the sum of $15,000.00 together with costs and disbursements herein.

The defendant's answer denies the material allegations of the complaint.

The case was tried by a jury, which rendered a verdict of $35,000 for Mrs. Bohn and a verdict of $15,000 for Mr. Bohn. Judgment was entered on the 19th of December, 1969, pursuant to the district court order consistent with those verdicts.

The notice of appeal asserts that the defendant appeals from the December 19, 1969, judgment, from an order of the district court of the 22nd of January, 1970, denying her motion for new trial, and from the district court's denial or refusal to hear her written motion for continuance prior to trial, dated the 5th of December, 1969.

The defendant's main contention on the motion for new trial and on this appeal is that the trial court erred in denying her motion for a continuance asserted to have been made shortly before the case was scheduled for trial, which continuance was requested for the reason that the defendant sought to have the plaintiff examined by a psychiatrist.

The record, however, on this appeal does not disclose that such a motion was actually noticed for hearing or that the trial court refused to set hearing on such a motion, or that a hearing was ever had on the motion, or that an order was ever entered denying such a motion.

The facts relevant thereto are for the most part agreed upon.

This action was started with the service of a summons and complaint on or about the 8th of May, 1969. An answer of the defendant was served on or about the 20th day of May, 1969, and thereafter interrogatories were submitted to the plaintiffs on or about the 23rd day of May, 1969, with answers to the interrogatories being served upon the defendant in June of 1970. The interrogatories disclosed that Mrs. Bohn had been examined by Dr. William Nelson, a specialist in internal medicine, and that she had received therapy treatments from Dr. Donald F. Barcome. It is the defendant's position that her first indication of any psychiatric involvement in the action was when her counsel received a letter on December 3, 1969, which enclosed a copy of a report from Dr. Edmund McLaughlin, a psychiatrist. The defendant points out that the psychiatrist had seen Mrs. Bohn for the first time on November 28, 1969.

It is conceded that counsel for the defendant mailed a motion for continuance to the clerk of the district court of Grand Forks County on December 5, 1969. There all concessions end.

Counsel for the defendant contends that the district court of Grand Forks County called him on the telephone on December 8, 1969, and advised him that the motion for continuance was denied. The record of the hearing before the trial court on the motion for a new trial, however, discloses that the trial court had a different view of what was said over the telephone. The pertinent part of that record reads:

"THE COURT: * * * Now, you may have been misled, but I know what I said, was that from the way it looked to me, that should the motion be heard, it might be denied, but that I felt that I would never let you be taken by surprise, and I would give you a chance to have

an examination during the trial. Now, I remember saying those words. And do you remember hearing me say those words to you?

"MR. CONMY: The best I can recall, I am sure the court did indicate that if there were any problem, he would require the plaintiff to submit to an exam.

"THE COURT: Right, right.

"MR. CONMY: That's correct.

"THE COURT: Yes. And then you did not bring it to the court's attention at any time during the trial.

"MR. CONMY: That's correct, simply because there was no one we could line up due to the time. * * *"

It should be noted that the motion which was mailed to the clerk of the district court was for an order moving the action over the current term of the court. It was not a motion for a continuance to a later date in the term or for a certain number of days within which a psychiatric examination might have been obtained.

Another part of the record of the hearing on the motion for new trial discloses that the defendant could have secured the services of a Dr. Bohrod of Grand Forks after the 12th of December in the evenings or on Sundays. That part of the record reads:

"MR. CONMY: * * * the contact was initially made with Dr. Bohrod on Friday, December 5, that we were advised that he was booked solid through the 12, as I understand it, and that any attempt to—or a visit with her would have to be evenings or Sundays, as he works full time at another job, some form of government appointment.

"THE COURT: Yes. But you could have had him examine her in the evenings then?

"MR. CONMY: After the 12th he indicated he would have some time available to do it. At the time we were attempting to set this up, I believe the case was coming to trial on the 11th.

"THE COURT: Well, it was set for the week of the Eighth, but it didn't come until the week of the 15th."

The defendant's specifications of error on this appeal are as follows:

1. An irregularity existed in the proceedings of the Court, and particularly in the order of the court refusing to hear and denying defendant's written motion for a continuance made prior to trial, which prevented the defendant from having a fair trial on the issues of damage therein.

2. That the Court erred in denying defendant's motion for a continuance and motion for a new trial based in part on the plaintiff's use of psychiatric testimony, which testimony was not hinted at in the answers to medical interrogatories, which surprised the defendant and which surprise could not have been avoided through the exercise of ordinary prudence.

3. That the damages awarded are excessive and were given under the influence of passion and prejudice.

4. The Court erred in denying the defendant's motion for a new trial.

In support of specification of error No. 1, the defendant contends that denial of the written motion for a continuance or the fact that there was not a hearing on this motion by the trial court constitutes an irregularity in the proceedings of the court which prevented her from having a fair trial. In support of this contention she refers us to the following from Felix v. Lehman, 74 N.D. 125, 20 N.W.2d 82, 84 (1945):

"By 'irregularity' is meant non-conformance to a rule or a law, or failure to follow the requirement of the law. In Vass et al. v. [People's] Building & Loan Association et al., 91 N.C. 55, 58, the court states 'An irregular judgment

is one given contrary to the method of procedure and the practice under it, allowed by law.' See also McKee v. Angel, 90 N.C. 60, 62; Simms et al. v. Sampson et al., 221 N.C. 379, 20 S.E.2d 554; Petersen et al. v. Dethlefs, 139 Neb. 572, 298 N.W. 155.

"In Coulter v. Board of Commissioners, 22 N.M. 24, 158 P. 1086, 1087, 'irregularity' is defined as 'the want of adherence to some prescribed rule or mode of proceeding; and it consists either in omitting to do something that is necessary for the due and orderly conducting of a suit, or doing it in an unseasonable time or improper manner.' "

The defendant did not refer us to the following, which is also from *Felix*:

"This rule is adopted in State ex rel. Caplow v. Kirkwood, Mo.App. St. Louis, 117 S.W.2d 652, 654; where the court states; the 'irregularity' claimed 'must be one patent of record' and then quotes in substance this rule set forth." Felix v. Lehman, 74 N.D. 125, 20 N.W.2d 82, 85 (1945).

This court in *Felix* actually found no irregularity, partly because the irregularity was not patent on the record in the case, and partly because the defendant's predicament in that case was caused by what the defendant failed to do and not by what the court failed to do. We are of the opinion that such is the situation in the instant case. It was the responsibility of counsel for the defendant to secure from the trial court a hearing date, to notice the said motion for hearing, and to serve said notice pursuant to Rule 6(d) of the North Dakota Rules of Civil Procedure, or in the event that the court refused to set such a hearing, to make that refusal a matter of record. In the instant case the record does not indicate that the court refused to set a hearing for the motion or that the court denied the motion.

Section 1 of 59(b) of the North Dakota Rules of Civil Procedure, under which the defendant asserts her right to a new trial on the ground of irregularity, reads as follows:

"1. Irregularity in the proceedings of the court, jury, or adverse party, or any order of the court or abuse of discretion by which either party was prevented from having a fair trial;"

From what we have said herein, it is obvious that we find no irregularity such as would justify a new trial in the instant case. The irregularity, if any exists, in this case results from the defendant's failure to notice this motion for hearing. An irregularity brought on by movant cannot be the basis for the granting of a new trial.

In support of specification of error No. 2, that the defendant was surprised by the plaintiffs' use of psychiatric testimony, the defendant refers us to Hamre v. Senger, 79 N.W.2d 41 (N.D.1956), and Robbins v. Robbins, 70 N.W.2d 37 (N.D.1955).

In order to secure a new trial on the ground of surprise, one must come within 59(b)3. of the North Dakota Rules of Civil Procedure, which reads.

"3. Accident or surprise which ordinary prudence could not have guarded against;"

In *Hamre*, one of the cases relied upon by the defendant, this court found no element of surprise, and accordingly sustained the trial court's order denying a motion for new trial.

In that case no motion for continuance to secure evidence to meet the surprise evidence was made.

The defendant refers us to the following from *Hamre*:

"It has been held that upon a motion for a new trial on the grounds that the moving party was surprised by evidence produced by his adversary, it will not be granted as a matter of right where it appears that the moving party submitted

his case without moving for a continuance or asking for an opportunity to procure further testimony."

Hamre v. Senger, 79 N.W.2d 41, 47 (N. D.1956).

It is the defendant's position that when one moves for a continuance to secure additional evidence when one contends surprise, one is entitled as a matter of right to a continuance and that in that situation the trial court has no discretion.

■ With that contention we do not agree, for the reason that we believe that the trial judge must in all instances attempt to determine whether the movant has been met with actual surprise which ordinary prudence could not have guarded against.

■ The defendant should have been alerted to the claim on the part of Mrs. Bohn to have suffered mentally as well as physically from the allegation contained in Paragraph V of the complaint. That answers to the interrogatories served upon Mrs. Bohn shortly after the issues were joined in this case did not disclose severe psychiatric or mental difficulties did not deprive the defendant of her right to move for an order of the court requiring the complainant to submit to a physical and mental examination preparatory to trial under Rule 35(a) of the North Dakota Rules of Civil Procedure.

That Rule reads:

"(a) *Order for examination.* In an action in which the mental or physical condition or the blood relationship of a party, or of an agent or a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental or blood examination by a physician or to produce for such examination his agent or the person in his custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person against whom

the order is sought and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made."

As a matter of fact, it appears that no such order would have been necessary to secure such an examination of Mrs. Bohn. In any case, we consider the motion in the instant case to be no motion at all, for reasons explained in our discussion of the contention that an irregularity occurred which deprived the defendant of a fair trial.

*Robbins,* one of the other cases relied upon by the defendant, expresses views similar to those expressed in *Hamre.*

Pertinent is a quotation therefrom:

"In Bancroft's Code Practice and Remedies, Section 6014, it is said:

'A claim of surprise by the admission of evidence may not be considered upon a motion for a new trial where no objection on that ground was made at the time and no application was made for a continuance or delay of the trial, in order to meet the unexpected evidence. One who submits his cause without asking an opportunity to procure further testimony is not entitled to a new trial as a matter of right on the ground that he was surprised by evidence of the adverse party.'

This appears to be the general rule. 39 Am.Jur., New Trial, Section 151; 66 C.J.S., New Trial, § 99g. The rule was applied by this court in Josephson v. Sigfusson, 13 N.D. 312, 100 N.W. 703." Robbins v. Robbins, 70 N.W.2d 37, 41 (N.D.1955).

■ *Robbins* concludes with a statement of a rule also pertinent to this case:

"Applications for a new trial on the ground of surprise are addressed to the sound discretion of the court and its rul-

ing will not be disturbed in the absence of a showing of abuse of discretion." Robbins v. Robbins, 70 N.W.2d 37, 41 (N.D.1955).

In light of the circumstances of this case, we conclude that the record discloses no abuse of discretion.

The defendant's third specification of error is that the damages awarded are excessive and that they were given under the influence of passion and prejudice.

This subject is covered by Section 5 of Rule 59(b) of the North Dakota Rules of Civil Procedure, the pertinent part of which reads:

"5. Excessive damages appearing to have been given under the influence of passion or prejudice, * * *."

In support of her contention that the damages awarded are excessive, the defendant refers us to the following quotation from Ziegler v. Ford Motor Co., 67 N.D. 286, 272 N.W. 743, 747 (1937):

"If the size of the verdict in relation to the injury sustained is so excessive as to demonstrate to the court that the jury has been misled by passion or prejudice in determining the amount of damages, the trial court should grant a new trial or reduce the verdict, * * *."

Significant is another statement made by this court in an earlier part of the paragraph from which the foregoing quotation was taken, relative to the trial court's discretion on a motion for new trial based on the excessiveness of the verdict:

"The trial court, to whose sound judicial discretion the motion for new trial was addressed, denied the motion, and, unless the court abused such discretion in so doing, this court will not interfere. * * *"

Ziegler v. Ford Motor Co., 67 N.D. 286, 272 N.W. 743, 746 (1937).

The defendant concedes in her brief that decisions of this court indicate that it is not possible to arrive at guidelines or rules in determining excessiveness of verdicts and that each case must be decided on its own facts.

In Neidhardt v. Siverts, 103 N.W. 2d 97, 98, Syllabus (N.D.1960), we said:

"3. Whether excessive damages have been awarded under the influence of passion or prejudice and if so whether the ends of justice may be subserved by ordering a reduction of the verdict, or whether a new trial must be had, are primarily questions for the trial court."

It is our view of the defendant's argument on this issue that the verdicts are excessive because the defendant was unable to secure a continuance so that she might have Mrs. Bohn examined by a psychiatrist and that thereby she was deprived of the opportunity to rebut the psychiatric testimony. In other words, the defendant is not contending that the evidence in the record as made does not support the verdicts, but merely that the evidence without the testimony of the psychiatrist would not support the verdicts. In light of our determination of the first two issues in this case, we do not believe that this argument is tenable.

There is nothing in the record to indicate that another psychiatrist would have disagreed materially with the psychiatrist called by Mrs. Bohn. In a decision rendered this year we reaffirmed what we earlier said in *Hamre,* when we said:

" * * * a new trial will not ordinarily be granted for accident or surprise unless it appears probable that, except for the surprise or accident, a different verdict would have been rendered or a new trial will probably result in a changed verdict. * * *"

Leake v. Hagert, 175 N.W.2d 675, 691 (N.D.1970).

How can we say that a new trial will probably result in a changed verdict when we have no assurance that another psychiatrist after an examination of Mrs. Bohn will testify contrary to what has been

testified to by the psychiatrist who testified at the trial?

■ The evidence in the record supports the verdicts, and, accordingly, we conclude that the trial court did not abuse its discretion in denying the motion for new trial on this ground.

The fourth specification of error asserted by the defendant is that the trial court erred in denying the defendant's motion for new trial. That specification of error has been covered in our discussion of specifications of error numbered 1, 2, and 3, and in light of our determination of those specifications of error, it is our conclusion that the fourth specification of error is without merit.

For reasons stated in this opinion, the judgment of the trial court and the order of the trial court denying the defendant's motion for new trial are affirmed.

TEIGEN, C. J., and STRUTZ, PAULSON and KNUDSON, JJ., concur.