KELSO v. FITZGERALD.

1. **Evidence:** OPINIONS AND LEGAL CONCLUSIONS EXCLUDED: EXAMPLES. It is not competent for a witness to state that the execution of a new note and mortgage had the legal effect to release a surety on a prior note; nor is it competent for him to testify to his understanding of an agreement, in response to a question as to what the agreement was; and after the plaintiff has stated that he does not remember what he paid for the note in suit, it is not competent to ask him to state "something near" what he paid for it.

2. **Attorney's Fees**: EVIDENCE AS BASIS FOR RECOVERY OF: PRACTICE. Where a note-sued on provides for reasonable attorney's fees, to be taxed as part of the costs, it is the better practice, where the trial is to the court, to determine the question and amount of such fees after the decision of the main cause, because, if there should be no recovery on the note, there would be no occasion to inquire into the question of attorney's fees.

3. **Practice in Supreme Court**: PRESUMPTION IN FAVOR OF TRIAL COURT. It will be presumed that the judgment of the trial court in allowing attorneys fees was based upon proper evidence in relation thereto, unless the contrary affirmatively appears from the record.

4. ———: ABSTRACT DENIED: WHEN TRANSCRIPT NOT CONSULTED. Where a case must be affirmed upon the showing made by appellant's abstract, there is no occasion to examine the transcript to see whether or not that abstract is correct, even though appellee denies its correctness.

*Appeal from Hardin Circuit Court.*

FRIDAY, OCTOBER 23.

ACTION upon a promissory note. Trial to the court without a jury, and judgment for plaintiff. Defendant appeals.

*Brown & Carney*, for appellant.

*J. H. Scales*, for appellee.

BECK, CH. J.—I. The defense to the action set up in the pleadings, which is relied upon in this court, is that defendant signed the note as a surety of his co-defendant Catherine McMannus, who does not appear in this court, and that subsequently she executed another note to the payee, which was secured by mortgage, under an agreement with the payee that defendant should be discharged from liability upon the note.

II. Mrs. McMannus, in behalf of defendant, testified that the note in suit was given for borrowed money, and that

1. EVIDENCE: opinions and legal conclusions excluded: examples.

defendant signed it as her surety. Subsequently she obtained $100 more of the payee. The following quotation, from the abstract shows, more

Kelso v. Fitzgerald.

clearly than it could be made to appear by a statement, an objection to evidence given by her, and the ruling of the court thereon. " I returned and got more money from Mr. Bligh, [the payee of the note.] *Question.* More money? *Answer.* Yes, sir, one hundred dollars more, and I gave to Mr. Bligh the mortgage for both, releasing Mr. Fitzgerald [the defendant] off the first note." (Plaintiff objects to answer because stating a legal conclusion. Objection sustained, and defendant excepts.)

It is insisted that the ruling shown by this extract from the abstract is erroneous. It clearly appears that the objection was made and sustained to that part of the answer which states the conclusion that the act of executing the mortgage released the defendant. That part of the answer was clearly incompetent, and the objection thereto was rightly sustained. It is shown without dispute by other portions of the evidence that the additional $100 was borrowed by Mrs. Mc-Mannus and a mortgage given therefor, and the part of the last answer above set out which we have not given, and other evidence, is to the effect that the mortgage was given under an agreement with the payee that the defendant should be released from the note. The court evidently held by the ruling that the conclusion stated in the answer, that defendant was discharged by the act of giving the mortgage, was alone excluded, and that the agreement referred to, and other matters pertaining to the transaction, were competent.

III. In another answer the same witness states what the court below evidently inferred to be her " understanding" of the agreement between herself and Bligh. The answer was stricken out, and this is complained of by defendant. She does not attempt to state in her answer the agreement between her and Bligh, but simply " the understanding" touching it. This evidence was not a competent answer to the question, which calls for the agreement itself. In other parts of her testimony she stated the agreement.

THE SAME.

IV.  The plaintiff testified that he had purchased the note, but that he did not remember what he paid for it.  He was then asked if he could not state "somewhere

THE SAME.

near" what he paid for the note.  An objection to the question was rightly sustained.  The witness stated that he did not remember the sum paid for the note.  His opinion of the amount paid would have been of no benefit to defendant, for, as he had bought the note after due, it was subject to all defenses in his hands that could have been pleaded against the payee, without regard to the consideration paid for it by plaintiffs.

V.  It is insisted that the evidence fails to support the judgment.  But it cannot be said that there is such absence of evidence in its support as will authorize us to interfere.

VI.  The abstract shows that a sum was allowed by the judgment for attorney's fees of plaintiff, under a provision

2. ATTOR-NEY'S fees: evidence as basis for re-covery of: practice.

of the note to the effect that reasonable attorney's fees should be allowed and taxed with the costs.  It is not shown by the abstract that any evidence as to the amount of these fees was introduced, nor is it shown that no evidence upon the subject was introduced.  It is upon this state of facts claimed by defendant that attorney's fees were erroneously allowed.  As the note provides that these fees should be taxed with the costs, they could, in the usual course of practice, be determined after the trial and decision by the court.  Indeed, this appears to be the better practice in order to hasten the disposition of the case; for if the finding should be for defendant, there would be no necessity to inquire as to the amount

3. PRACTICE in supreme court: pre-sumption in favor of trial court.

of the attorney's fees.  We cannot, therefore, in the absence of any showing in the abstract upon the subject, presume that no evidence was introduced thereon, but will rather presume that there was, and that the judgment is in accord therewith.

VII.  The plaintiff insists that defendant's abstract is not correct, and files an amendment thereto, which is denied by

4. ——: ab-
stract denied:
when tran-
script not con-
sulted.
defendant.   This would ordinarily send us to the transcript to determine the matters thus put in issue.   But we find it unnecessary to consult the transcript, for the reason that, considering the abstract as correct, as we have considered it, no errors appear requiring a reversal of the case.

The foregoing discussion disposes of all questions in the case.   The judgment of the circuit court is

AFFIRMED.