**In re Thomas Basil BLAIR and Darlene Elmyra Blair, Debtors.**

**Thomas Basil BLAIR and Darlene Elmyra Blair, Plaintiffs,**

**v.**

**BENEFICIAL FINANCE COMPANY, INC., OF NORTH DAKOTA, Defendant.**

**Bankruptcy No. 3–80–00373. Adv. No. 80–7174.**

United States Bankruptcy Court, D. North Dakota.

March 10, 1982.

Warren C. Sogard, Jay D. Carlson, Fargo, N.D., for plaintiffs.

John V. Boulger, Garylle B. Stewart, Fargo, N.D., for defendant.

MEMORANDUM DECISION & ORDER

HAROLD O. BULLIS, Bankruptcy Judge.

Plaintiff-Debtors brought this action to avoid a nonpossessory, nonpurchase money security interest in household goods under § 522(f) of the Bankruptcy Reform Act. The security interest in question was granted Defendant Beneficial Finance Company, Inc. (BENEFICIAL) on September 13, 1978, prior to the enactment of the Bankruptcy Reform Act on November 6, 1978. This Court previously ruled in an unreported decision, *In re Stevahn*, Bkrtcy. No. 80–05203 (Dec. 10, 1980) that a security interest perfected prior to the date of the enactment of the Bankruptcy Reform Act cannot be avoided under § 522(f). The Debtors contend, however, that Beneficial orally waived its right to object to the avoidance of the lien and, in addition, that an accord and satisfaction occurred in that Beneficial accepted $400.00 in full settlement of the debt.

■ Beneficial denies that it waived its right to foreclose on the lien in question and, if a waiver did in fact occur, such waiver was made under a mutual mistake of law and is not enforceable. Beneficial further denies that an accord and satisfaction took place with respect to the lien on Debtors' household goods. It alleges, however, that an accord and satisfaction did occur with regard to certain recreational items.

The basic facts are as follows. Debtors filed a joint voluntary bankruptcy petition on March 6, 1980. On their B-4 schedule was expressed an intention to avoid all non-purchase money security interests in household furniture claimed as exempt property. Following the first meeting of creditors on June 12, 1980 a "hallway" conference took place between the Debtors, their counsel, and Clair Gard, a representative of Beneficial. During that conference the Debtors agreed to pay $400.00 to Beneficial. That amount was paid in installments, shown by checks in evidence as Plaintiffs' Exhibits 2, 3, 4 and 5. The parties are not in agreement, however, as to the purpose of that $400.00 payment. Debtor Thomas Blair testified that during the conference his counsel informed him and his wife that Beneficial believed, since it could not repossess the furniture, it should get something for the two snowmobiles. He testified that one of the snowmobiles was worth $50.00 and that the other had a value of perhaps $150.00, and that he was willing to pay $400.00 if Beneficial was willing to forget the whole thing. He also stated that Gard made it clear during the creditors meeting that Beneficial would not go after their furniture. Darlene Blair also testified that her "feeling" as a result of the hallway conference was that if $400.00 was paid on the snowmobiles nothing would be owed on the furniture. Both Thomas and Darlene testified during rebuttal that Gard stated to them that the amount they were paying was a small amount to pay in settlement of a $3500.00–$3800.00 note. Debtors' counsel, Jay Carlson, testified that during the creditors meeting Gard stated Beneficial was not interested in the household items but wanted a "settlement on the other items." He further testified that Blair felt the value of the snowmobiles was $200.00, that Gard valued them at $600.00–$800.00, that a figure of $400.00 was agreed upon, and that it was his understanding that no further claim would be made by Beneficial to the household items.

Clair Gard testified that the only items discussed during the conference were the recreational items. He said he believed that the law was such that Beneficial could not go after the household items so there was no point in discussing those items, that he felt Beneficial was entitled to payment on the recreational equipment, and that the settlement reached dealt only with those items.

The Debtors obtained their discharge in bankruptcy on July 18, 1980. Thereafter Beneficial brought an action in state court seeking possession of the household items, triggering this action.

The Court cannot find from the evidence that either a waiver or an accord and satisfaction took place. The parties are apparently in agreement that North Dakota law is to be applied.

Section 1–02–28 of the North Dakota Century Code provides:

"Benefit of provisions of law may be waived.—Except when it is declared otherwise, the provisions of this code in respect to the rights and obligations of parties to contracts are subordinate to the intention of the parties, when ascertained in the manner prescribed by the chapter on the interpretation of contracts. The benefit thereof may be waived by any party entitled thereto, unless such waiver would be against public policy."

Debtors argue that the oral statements of Beneficial's agent to the effect that Beneficial could not reach the household goods of the Debtors, and its acceptance of $400.00 from the Debtors constitute a waiver of its right to enforce its lien on the household goods. They argue further that the waiver is not against public policy and should be enforced against Beneficial.

The evidence is clear, however, that the statements made by Beneficial's agent, as well as the "hallway" agreement entered into following the creditors meeting, were made under a mutual mistake of law. The testimony at trial indicates that all parties including Debtors' counsel, believed that Beneficial's lien on the household goods claimed as exempt property had been avoided by § 522(f) and that Beneficial could not enforce its lien on the household goods. This Court did not rule until December 10, 1980 in *Stevahn* that § 522(f) could not be invoked to avoid liens perfected prior to the enactment of the Bankruptcy Reform Act.

Section 9–03–14 of the North Dakota Century Code provides:

"9–03–14. "Mistake of law" defined.— Mistake of law constitutes a mistake within the meaning of this title only when it arises from:

1. A misapprehension of the law by all parties, all supposing that they knew and understood it and all making substantially the same mistake as to the law; or

2. A misapprehension of the law by one party of which the others are aware at the time of contracting, but which they do not rectify."

Since the oral statements of Beneficial's agent, as well as agreement of the Debtors to pay Beneficial $400.00, were made while all parties were laboring under the impression that § 522(f) had avoided Beneficial's lien on the household goods, this Court cannot find that Beneficial waived its right to enforce its lien.

Nor can the Court find that an accord and satisfaction took place. In *Hochstetler v. Graber*, 78 N.D. 90, 48 N.W.2d 15, 20 (1951), the Court stated, "There must be a mutual understanding in order to effect an accord and satisfaction. An essential element is an assent or meeting of the minds of the parties." From the testimony presented, the Court cannot find the existence of a mutual understanding between the parties that would constitute an accord and satisfaction. The testimony of Beneficial's agent was that his understanding was that the agreement to pay $400.00 dealt only with the recreational items. The testimony of the Debtors and their counsel was that they believed the payment of $400.00 was intended to satisfy the entire lien of Beneficial. Even if the Court could find that a meeting of the minds occurred, either as suggested by the Debtors or as testified to by Beneficial, as to what was intended under the agreement, the same mutual mistake of law that flawed any waiver Beneficial might have made would also flaw and make unenforceable that agreement.

The Court, therefore, cannot find that an accord and satisfaction as alleged by the Debtors occurred. Nor can the Court find that an accord and satisfaction was reached, as suggested by Beneficial, with regard to the recreational vehicles. Beneficial cannot deny that an accord and satisfaction occurred with regard to the household items because of a mistake of fact or law and contend, on the other hand, that an accord and satisfaction was reached with regard to the recreational items. If the parties were laboring under a misapprehension of law for one purpose, that misapprehension was present for all purposes.

The Court will therefore find that because of a mutual mistake of law no binding agreement was reached between the parties during the hallway conference that occurred after the first meeting of creditors on June 12, 1980. The parties will be restored to their positions as they existed prior to that date. Beneficial will be permitted to foreclose its lien on the household goods and recreational items. In order to do so, however, it must return to the Debtors the $400.00 paid to Beneficial as a result of that conference.

Any right the Debtors might have to redeem under § 722 of the Bankruptcy Code was not raised in the pleadings or at trial. The decision reached here does not in any way affect any such rights the Debtors may have.

JUDGMENT MAY BE ENTERED IN ACCORDANCE WITH THE FINDINGS MADE.