Filed 1/15/15 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2015 ND 14

State of North Dakota, Plaintiff and Appellee

v.

Juan Tyler Galvez, Defendant and Appellant

No. 20140029

Appeal from the District Court of Ward County, North Central Judicial District, the Honorable Todd L. Cresap, Judge.

AFFIRMED.

Opinion of the Court by Sandstrom, Justice.

Kelly A. Dillon, Assistant State’s Attorney, Courthouse, P.O. Box 5005, Minot, N.D. 58702-5005, for plaintiff and appellee; submitted on brief.

Robert W. Martin, North Dakota Public Defenders’ Office, 11 First Avenue SW, Minot, N.D. 58701, for defendant and appellant; submitted on brief.

State v. Galvez

No. 20140029

Sandstrom, Justice.

[¶1] Convicted of gross sexual imposition, Juan Galvez argues that the State used improper gender-based peremptory challenges in jury selection and that there was insufficient evidence to sustain his convictions.  We affirm.

I

[¶2] In November 2012, Galvez was charged with two counts of gross sexual imposition, both class A felonies, for engaging in sexual acts with two minor girls.  According to the complaint, the girls were under the age of fifteen, while Galvez was over the age of eighteen but under the age of twenty-two, when the acts occurred.  Both girls, when interviewed by a forensic interviewer, had reported instances of digital penetration by Galvez.

[¶3] At the jury trial, after voir dire was completed, Galvez objected, claiming gender-based discriminatory peremptory challenges by the State.  The State responded that each of its six peremptory challenges were for gender-neutral reasons.  After hearing arguments from each party, the district court overruled Galvez’s objection, holding the selection process was not in violation of 
Batson v. Kentucky
, 476 U.S. 79 (1986).  The jury consisted of seven women and five men.

[¶4] At trial, both girls testified about the alleged incidents.  In addition, the girls’ older step-sister and their step-mother also testified.  At the close of the State’s case-

in-chief, under N.D.R.Crim.P. 29(a), Galvez moved for a judgment of acquittal on the basis of insufficient evidence.  The district court denied the motion, holding the evidence was sufficient to allow the matter to go to the jury.  Galvez also renewed his objection regarding the gender-based discriminatory peremptory challenges.  The district court overruled Galvez’s objection.

[¶5] As part of Galvez’s defense, a forensic psychologist testified as an expert witness about his assessment of the forensic interviews of both the alleged victims.  Galvez testified.  The jury found Galvez guilty on both counts of gross sexual imposition.  He was sentenced, concurrently on each count, to twenty years of incarceration, with six years suspended, and ten years of probation.

[¶6] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27-05-06.  Galvez timely appealed under N.D.R.App.P. 4(b).  This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 29-28-06.

II

[¶7] Galvez argues the district court erred in ruling the State’s use of peremptory challenges to excuse six males from the jury pool was not improperly based on gender.

[¶8] Under the Equal Protection Clause, the use of peremptory challenges to exclude jurors solely on the basis of their gender or race is unconstitutional.  
J.E.B. v. Alabama ex rel. T.B.
, 511 U.S. 127, 128 (1994); 
Batson v. Kentucky
, 476 U.S. 79, 80 (1986); 
Flanagan v. State
, 2006 ND 76, ¶ 20, 712 N.W.2d 602; 
City of Mandan v. Fern
, 501 N.W.2d 739, 744 (N.D. 1993).  In 
City of Mandan v. Fern
, this Court explained that a defendant claiming gender discrimination during the selection of the jury pool bears the burden of establishing a prima facie case of purposeful discrimination.  501 N.W.2d at 748.  To satisfy this burden, the defendant must first show that the peremptory challenges were exercised against “a constitutionally cognizable group.”  
Id.
  The defendant is then required to “demonstrate that this fact ‘and any other relevant circumstances raise an inference’ that the prosecutor’s use of the peremptory challenges was based on group membership.”  
Id.
 (quoting 
Batson
, 476 U.S. at 96).  “This combination of factors in the empaneling of the petit jury, as in the selection of the venire, raises the necessary inference of purposeful discrimination.”  
Batson
, 476 U.S. at 96.

[¶9] “In deciding whether a prima facie case of purposeful discrimination has been established, the trial court ‘should consider all relevant circumstances,’ including a ‘pattern’ of peremptory challenges against members of a constitutionally cognizable group and the ‘prosecutor’s questions and statements during 
voir dire
 examination.’”  
Fern
, 501 N.W.2d at 748-49 (quoting 
Batson
, 476 U.S. at 96-97).  Although this Court has been hesitant to list all the ways in which a defendant may establish a prima facie case of discriminatory peremptory challenges, it has directed trial courts to consider:

[T]he composition of the jury panel in relation to the composition of the jury ultimately selected; the number of peremptory challenges exercised against a particular group; the questions, statements and conduct of the prosecutor while examining the prospective jurors during voir dire; whether membership in the excluded group is the only characteristic shared by the challenged jurors; whether a pattern exists of peremptory challenges exercised against members of the group in similar cases; and any other relevant circumstance that may bear on the question of purposeful discrimination.

Fern
, at 749 (footnote omitted).  Moreover, “[t]he discriminatory intent must be fairly obvious to a reasonable observer.”  
Id.

[¶10] Once the defendant successfully establishes a prima facie case of purposeful discrimination, the burden shifts to the prosecutor to “articulate a neutral explanation related to the particular case to be tried.”  
Batson
, 476 U.S. at 98.   “Prospective jurors’ specific responses and demeanor during voir dire may constitute neutral explanations for exercising the peremptory challenges.”  
Fern
, 501 N.W.2d at 749 (citing 
State v. Burch
, 830 P.2d 357, 364 (Wash. Ct. App. 1992)).  “Conversely, expressions of an intention to exclude on the basis of group membership or on stereotypical assumptions about members of certain groups will not constitute a neutral explanation.”  
Fern
, at 749 (citations omitted).  “In other words, the prosecutor’s gender-neutral explanation must be clear and specific.”  
Id.

[¶11] A trial court’s findings in resolving a claim of purposeful discrimination during jury selection will not be overturned on appeal unless they are clearly erroneous.  
Fern
, 501 N.W.2d at 749; 
State v. Stridiron
, 2010 ND 19, ¶ 16, 777 N.W.2d 892.  A finding of fact is clearly erroneous when it is induced by an erroneous view of the law, when there is no evidence to support it, or if, although there is some evidence to support it, on the entire evidence, we are left with a definite and firm conviction that a mistake has been made.  
State v. Roth
, 2008 ND 227, ¶ 6, 758 N.W.2d 686.

[¶12] On appeal, Galvez argues the district court erred in seating the jury panel, because the State improperly used gender-based discriminatory peremptory challenges.  Specifically, Galvez contends the district court did not conduct a “meaningful review” of the State’s use of peremptory challenges, because it failed to fully consider the factors set forth in 
Fern
, 501 N.W.2d at 749.

[¶13] At trial, Galvez objected to the State’s use of peremptory challenges on the grounds that the challenges discriminated on the basis of gender.  In response, the State provided specific gender-neutral explanations for each of its six peremptory challenges.  The State said the first juror was struck for failing to disclose he was accused of a sex offense in 2007.  The second juror was struck because he allegedly appeared to “nod off” during the voir dire process and, at one point, rolled his eyes at other jurors’ responses to questions.  The third juror was struck because he failed to disclose his lengthy criminal history.  The State struck the fourth juror because he was allegedly unresponsive to questions posed to him.  The fifth juror was struck because he also failed to disclose his complete criminal history.  The sixth, and final, juror was struck because his job involved selling subscriptions to dating services.  After hearing the State’s reasoning behind its peremptory challenges, the district court found the State’s use of peremptory challenges was not discriminatory or in violation of 
Batson
 and its progeny.  In doing so, the court stated:

[T]he Court is going to find that the selection process wasn’t in violation of the Batson decision, and the requirement set forth in that decision.  Based upon the reasons that the State has given for their striking the individuals they have, and based upon the fact that they passed on the seventh challenge.  If they were really headed down that road I think it would be evidence to the Court that they would have exercised that one on another male juror as well, rather than choosing to simply pass.  So, the Court is going to overrule the objection of the defense in this matter . . . .

[¶14] At the end of the State’s case-in-chief, Galvez renewed his objection regarding the State’s use of its peremptory challenges.  In response, the State denied there was any gender bias motivating its peremptory challenges and referred to the reasons it provided to the court in response to Galvez’s first objection.  Once again, the district court overruled Galvez’s objection.  In doing so, the district court also noted the “even split” of the jury pool, which consisted of seven women and five men.

[¶15] Although Galvez argues the district court failed to conduct a “meaningful review” of the State’s use of its peremptory challenges, it appears the district court appropriately weighed the factors set forth by the 
Fern
 court in finding the State’s use of peremptory challenges were not impermissibly based on gender.  In making this argument, however, Galvez has the duty to furnish a transcript of the proceedings on appeal to enable us to conduct “a meaningful and intelligent review of alleged error.”  
Lithun v. DuPaul
, 447 N.W.2d 297, 300 (N.D. 1989).  But, because Galvez has failed to furnish the transcript of the voir dire proceedings, he “assumes the consequences and the risks for the failure to file a complete transcript.”  
Rosendahl v. Rosendahl
, 470 N.W.2d 230, 231 (N.D. 1991).  Therefore, without being provided the transcript of the voir dire proceedings, we must not only accept that the evidence supports the State’s proffered explanation for its use of peremptory challenges, but we must also accept the district court’s reliance on this explanation in reaching its decision.  
See
 
Davis v. Davis
, 448 N.W.2d 619, 620 (N.D. 1989) (“[W]hen an appellant raises issues on appeal regarding the findings of fact, it is difficult, if not impossible, for us to discuss the merits of the appeal without a transcript.”).

[¶16] Because it appears the district court properly considered “all relevant circumstances” in determining whether Galvez established a prima facie case of discriminatory peremptory challenges, we conclude the district court did not clearly err in rejecting Galvez’s 
Batson
 challenge.  
See
 
Fern
, 501 N.W.2d at 748-49 (“In deciding whether a prima facie case of purposeful discrimination has been established, the trial court ‘should consider all relevant circumstances’ . . . .”).

III

[¶17] Galvez argues the State failed to present sufficient evidence at trial to sustain the guilty verdicts.

[¶18] This Court’s standard of review for cases in which a criminal defendant challenges the sufficiency of the evidence is well-established:

When the sufficiency of evidence to support a criminal conviction is challenged, this Court merely reviews the record to determine if there is competent evidence allowing the jury to draw an inference reasonably tending to prove guilt and fairly warranting a conviction.  The defendant bears the burden of showing the evidence reveals no reasonable inference of guilt when viewed in the light most favorable to the verdict.  When considering insufficiency of the evidence, we will not reweigh conflicting evidence or judge the credibility of witnesses. . . . A jury may find a defendant guilty even though evidence exists which, if believed, could lead to a verdict of not guilty.

State v. Nakvinda
, 2011 ND 217, ¶ 12, 807 N.W.2d 204 (citations omitted).  “When the verdict is attacked and the evidence is legally sufficient to sustain the verdict, we will not disturb the verdict and judgment even though the trial included conflicting evidence and testimony.”  
Id.
 (citing 
Hochstetler v. Graber
, 78 N.D. 90, 93, 48 N.W.2d 15, 18 (1951)).

[¶19] Here the record reflects that both victims testified before the jury.  The first victim testified Galvez touched her vagina with his finger on multiple occasions.  The second victim also testified Galvez touched the inside of her vagina with his fingers.  “The uncorroborated testimony of a child is sufficient to sustain a conviction of a sexual offense.”  
State v. Grant
, 2009 ND 210, ¶ 24, 776 N.W.2d 209 (citing 
State v. Paul
, 2009 ND 120, ¶ 31, 769 N.W.2d 416).  In addition to the victims’ testimony, the victims’ older step-sister testified as to what one of the girls had told her about the assaults.  She also testified she had seen Galvez lying on a bed with one of the girls behind a closed door.  The victims’ step-mother also testified that one of the girls had disclosed the assaults to her and that she had seen Galvez lying on one of the girls’ beds.

[¶20] Under the sufficiency-of-the-evidence standard, the State presented sufficient evidence for the jury to convict Galvez of gross sexual imposition.  The record shows there was ample evidence for a reasonable fact-finder to have concluded Galvez engaged in a sexual act with a victim less than fifteen years old.  
See
 N.D.C.C. § 12.1-

20-03(1)(d).

[¶21] Viewing the evidence “in the light most favorable to the verdict,” we conclude Galvez has failed to show “the evidence reveals no reasonable inference of guilt.”  
Nakvinda
, 2011 ND 217, ¶ 12, 807 N.W.2d 204 (citations omitted).  A reasonable fact-finder could conclude, as the district court did, that Galvez had committed the crime of gross sexual imposition.  Therefore, we conclude the State presented sufficient evidence to allow the jury to infer Galvez’s guilt and to warrant his conviction.  
See
 
State v. Bruce
, 2012 ND 140, ¶ 19, 818 N.W.2d 747.

IV

[¶22]
 
Because the district court did not clearly err in finding the State’s use of its peremptory challenges was not based on gender, and because there was sufficient evidence to sustain Galvez’s conviction of gross sexual imposition, we affirm the district court judgment.

[¶23] Dale V. Sandstrom

Daniel J. Crothers

Lisa Fair McEvers

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.