2016 ND 161

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Alfred Rayshan GARNDER, Defendant and Appellant.**

No. 20150368.

Supreme Court of North Dakota.

Aug. 17, 2016.

Amber J. Fiesel, Assistant State's Attorney, Powers Lake, N.D., for plaintiff and appellee; submitted on brief.

Laura C. Ringsak, Bismarck, N.D., for defendant and appellant; submitted on brief.

SANDSTROM, Justice.

[¶ 1] Alfred Garnder appeals a criminal judgment entered after a jury found him guilty of driving under the influence of alcohol and driving with a suspended license. On appeal, he argues the district court should not have denied his challenges of the prospective jurors for cause. He also claims that by using a peremptory challenge against one of the jurors, the assistant state's attorney engaged in racial discrimination during jury selection. Because the district court properly denied Garnder's challenges, we affirm the district court judgment.

I

[¶ 2] Garnder was arrested for driving under the influence and driving with a suspended license. His attorney challenged two of the potential jurors for cause because of their previous professional relationships with the state's attorney as well as the assistant state's attorney who was

prosecuting the case. The district court denied the attorney's challenges for cause, finding there was no reason to believe the two jurors would be unable to be fair and impartial. Garnder's attorney also challenged the use of the State's peremptory challenge of one of the jurors, because she was one of the few minorities on the jury panel. The district court disagreed, finding the State had significant and clear reasons for using its peremptory challenge. After a trial, the jury found Garnder guilty of driving under the influence and driving with a suspended license.

[¶ 3] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27-05-06. Garnder timely appealed under N.D.R.App.P. 4(b). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 29-28-06.

## II

[¶ 4] On appeal, Garnder argues the district court should not have denied his challenges of the prospective jurors for cause.

[¶ 5] "Persons accused of crimes have a right ... to a trial by an impartial jury." *State v. Smaage*, 547 N.W.2d 916, 919 (N.D.1996). In *State v. Fredericks*, 507 N.W.2d 61, 64–65 (N.D. 1993), we explained:

A criminal defendant's right to an impartial jury trial under the Sixth Amendment requires the selection of the jury from a representative cross section of the community. *Taylor v. Louisiana*, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975). The Fourteenth Amendment makes the provisions of the Sixth Amendment binding upon the states. *Duncan v. Louisiana*, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968). Although the North Dakota Constitution's guarantee of the right to a jury trial

does not explicitly require an impartial jury, *see* N.D. Const. art. I, § 13, we would read the Sixth Amendment's impartiality and fair-cross-section requirements into our state constitution.

"In determining whether a defendant was deprived of a fair and impartial jury, the court will not readily discount the assurances of a juror as to his impartiality." *State v. Olson*, 274 N.W.2d 190, 193 (N.D. 1978). "It remains open to the defendant to demonstrate the actual existence of such an opinion in the mind of the juror to overcome a presumption of impartiality and raise a presumption of partiality." *Id.*

[¶ 6] A trial judge must excuse a juror if the judge "finds grounds for challenge for cause." N.D.R.Crim.P. 24(b)(1)(A). A juror can be excused on the basis of either actual or implied bias. N.D.C.C. § 29-17-35. Implied bias is based on "any of the enumerated causes found in § 29-17-36, N.D.C.C." *State v. McLain*, 301 N.W.2d 616, 622 (N.D.1981). Actual bias is defined as "[t]he existence of a state of mind on the part of the juror, with reference to the case or to either party, which satisfies the court, in the exercise of a sound discretion, that the juror cannot try the issue impartially without prejudice to the substantial rights of the party challenging, and which is known in this title as actual bias." N.D.C.C. § 29-17-35(2). "A challenge for implied bias of a juror may be taken for ... [t]he relationship of ... attorney and client...." N.D.C.C. § 29-17-36(2).

[¶ 7] We review a trial court's decision to excuse a juror for cause under an abuse of discretion standard. *State v. Smaage*, 547 N.W.2d 916, 919 (N.D.1996). A court abuses its discretion if it acts "in an arbitrary, unconscionable, or unreasonable manner." *State v. Thompson*, 552 N.W.2d 386, 388 (N.D.1996).

[¶ 8] In this case, the district court denied Garnder's challenge of two jurors for cause, both of whom had previously had a professional relationship with the state's attorneys who were prosecuting Garnder. Garnder wished to have one juror excused for cause because the state's attorney had performed some legal work for her mother's estate. He wished to have another juror excused for cause because the assistant state's attorney trying the case had done some contract work for that juror nearly 15 years earlier. The court denied both of Garnder's challenges of the potential jurors, finding both of them stated they could be fair and impartial, there was no current attorney-client relationship with either of them, and the previous relationships with them had been in their civil capacity as attorneys and not in their current positions.

[¶ 9] In *Thompson*, 552 N.W.2d at 388, we said, "[A] trial court does not abuse its discretion by denying an implied bias challenge under NDCC 29–17–36(2) when the record fails to show a direct and current client relationship of a juror with the attorney for the opposite party." Here the record does not show that either of the two potential jurors were clients of any of the state's attorneys at the time of the trial. Additionally, one of the two prospective jurors being challenged by Garnder never suggested she had been a personal client of the state's attorney but rather thought her mother had done some estate planning with that attorney seven or eight years ago. The record shows that any attorney-client relationship between the potential jurors and the state's attorney and assistant state's attorney had ended many years ago. The record does not demonstrate the district court abused its discretion by denying the motion to excuse the potential jurors for cause.

## III

[¶ 10] Garnder also argues the assistant state's attorney, during jury selection, used a peremptory challenge based on race to strike one of the few minority jurors on the panel.

[¶ 11] "Under the Equal Protection Clause, the use of peremptory challenges to exclude jurors solely on the basis of their gender or race is unconstitutional." *State v. Galvez*, 2015 ND 14, ¶ 8, 858 N.W.2d 619. This Court reviews a trial court's decision on purposeful discrimination by the prosecutor in exercising peremptory challenges under a clearly erroneous standard of review. *City of Mandan v. Fern*, 501 N.W.2d 739, 749 (N.D.1993).

In *City of Mandan v. Fern*, this Court explained that a defendant claiming gender discrimination during the selection of the jury pool bears the burden of establishing a prima facie case of purposeful discrimination. 501 N.W.2d at 748. To satisfy this burden, the defendant must first show that the peremptory challenges were exercised against "a constitutionally cognizable group." *Id.* The defendant is then required to "demonstrate that this fact 'and any other relevant circumstances raise an inference' that the prosecutor's use of the peremptory challenges was based on group membership." *Id.* (quoting *Batson [v. Kentucky]*, 476 U.S. [79,] 96, 106 S.Ct. 1712, 90 L.Ed.2d 69 [ (1986) ] ). "This combination of factors in the empaneling of the petit jury, as in the selection of the venire, raises the necessary inference of purposeful discrimination." *Batson*, 476 U.S. at 96, 106 S.Ct. 1712.

*Galvez*, 2015 ND 14, ¶ 8, 858 N.W.2d 619. "In deciding whether a prima facie case of purposeful discrimination has been established, the trial court 'should consider all relevant circumstances,' including a 'pat-

tern' of peremptory challenges against members of a constitutionally cognizable group and the 'prosecutor's questions and statements during *voir dire* examination.'" *Id.* at ¶ 9 (quoting *Fern*, 501 N.W.2d at 748–49).

[¶ 12] In this case, the prospective juror was Native American. Other than asserting that the peremptory challenge was used against "one of the few people of color" on the jury panel, Garnder does not give any circumstances raising an inference of racial discrimination. Significantly, the assistant state's attorney gave several neutral reasons for the use of his peremptory challenge. Specifically, he knew the juror himself and knew she was frequently intoxicated and spent numerous hours at the bars. The assistant state's attorney also pointed out that the juror did not wish to be on the jury and had asked to be excused because she had children at home with no one to take care of them. The assistant state's attorney had also prosecuted the juror previously in tribal court. He specifically noted for the court that the use of his peremptory challenge had nothing to do with racial discrimination. After hearing this, the district court found:

> The Court will find that [the prosecutor] has substantiated significant and clear reasons for why he chose [the juror] for one of his peremptories. He is clear that it had nothing to do with her race, mainly his knowledge of who she is. So, your objection is noted, and the exception, and the Court will rule against your request....

The assistant state's attorney articulated clear and specific race-neutral reasons in this case for his use of the peremptory challenge, and there was no pattern of peremptory challenges against members of a constitutionally cognizable group. The

district court was not clearly erroneous in finding no purposeful racial discrimination.

## IV

[¶ 13] We affirm the criminal judgment.

[¶ 14] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, LISA FAIR McEVERS and CAROL RONNING KAPSNER, JJ., concur.